Argued October 29, reversed and remanded November 27, 1968

# STATE OF OREGON, *Respondent, v.*
# RICARDO FLORES, *Appellant.*

447 P. 2d 387

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause and filed a brief for appellant.

*F. LeGard Smith*, Deputy District Attorney, Vale, argued the cause for respondent. On the brief was H. Clifford Looney, District Attorney.

Before MCALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

McALLISTER, J.

The defendant appeals from his conviction on one count of concealing stolen property and on a second count of unlawful possession of narcotics.

The only error assigned is the denial of defendant's motion to suppress evidence seized in a search of defendant's apartment. Defendant contends that the affidavit presented to the magistrate was not sufficient to justify the issuance of a search warrant. We agree and reverse.

The facts are simple. On November 29, 1967, certain watches were stolen from a jewelry store in Ontario. On December 5, 1967, the Justice of the Peace

at Ontario issued a warrant for the search of defendant's apartment. Ontario police officers served the warrant on defendant and searched his apartment where they found two of the stolen watches and a tobacco can containing marijuana. The defendant timely moved to suppress this evidence. The motion was denied and the evidence was introduced at defendant's trial over his objection.

The only evidence before the magistrate who issued the search warrant was the following affidavit of Ontario policeman Howes:

"I, Donald E. Howes, being first duly sworn, on oath depose and say:

"That on or about the 29th day of November, 1967, the following described personal property was stolen from the Davis Jewelry Store, 217 South Oregon, Ontario, Oregon, to-wit:

"Three mens wrist-watches, described as follows: (Descriptions omitted.)

"Seven ladies wrist-watches, with following serial numbers. (Numbers omitted.)

"I further depose and say that I have received information from a reliable person, which I believe to be true, that the above mentioned personal property is concealed in the premises of Richardo Flores's, to-wit: 539 S.E. 2nd St. Apt. #7, Ontario, Oregon, County of Malheur, and.

"I request the above entitled court to issue a search warrant for the premises above described, and for the above mentioned and described property.

"(Signed) DONALD E. HOWES"

■ The sufficiency of the foregoing affidavit must be considered in the light of the Fourth Amendment to

the Constitution of the United States as applied to the states through the Fourteenth Amendment.[1]

■ It is now firmly established that an affidavit based on hearsay will not support a finding of probable cause unless it also contains sufficient information to present a substantial basis for crediting the hearsay. In the well-considered opinion by Mr. Justice RODMAN in *State v. Dunavant,* 250 Or 570, 444 P2d 1 (1968), we said:

> "The rule that a search warrant affidavit may be based on hearsay is qualified by the requirement that there be in the affidavit a substantial basis for crediting the hearsay. (Citing authorities.)"

In *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L ed 2d 723 (1964), the Supreme Court held insufficient an affidavit reciting merely that the officers had "received reliable information from a credible person" and believed that narcotics were being kept at described premises.[2] There is no difference in substance between the affidavit in *Aguilar* and the affidavit in the case at bar.

---

[1] "In Ker v. California, 374 US 23, 10 L ed 2d 726, 83 S Ct 1623, we held that the Fourth 'Amendment's proscriptions are enforced against the States through the Fourteenth Amendment,' and that 'the standard of reasonableness is the same under the Fourth and Fourteenth Amendments.' Id., at 33, 10 L ed 2d at 738. Although Ker involved a search without a warrant, that case must certainly be read as holding that the standard for obtaining a search warrant is likewise 'the same under the Fourth and Fourteenth Amendments.'" 12 L ed 2d at 726.

[2] The relevant portion of the affidavit in Aguilar v. Texas, supra, reads as follows:

> "'Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law.'" 12 L ed 2d at 725.

The court in *Aguilar* reaffirmed its earlier holdings in three particulars: (1) that an affidavit may be based on hearsay, (2) that an affidavit need not reflect the direct personal observations of the affiant, and (3) that the identity of the informant need not be disclosed. The court, however, held that if the affidavit is based on hearsay the magistrate must be informed of (1) "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were," and (2) "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * * was 'credible' or his information 'reliable.' " The court concluded: "[T]he search warrant should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause." 12 L ed 2d at 729.

The holding in *Aguilar* was quoted with approval in the later case of *United States v. Ventresca*, 380 US 102, 85 S Ct 741, 13 L ed 2d 684 (1965), where the court said:

"* * * As the Court stated in Brinegar v. United States, 338 US 160, 173, 93 L ed 1879, 1889, 69 S Ct 1302, 'There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.' Thus hearsay may be the basis for issuance of the warrant 'so long as there [is] a substantial basis for crediting the hearsay.' Jones v. United States, supra, 362 US at 272, 4 L ed 2d at 708, 78 ALR2d 233. And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed

of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed . . . was "credible" or his information "reliable." ' Aguilar v. Texas, supra 378 US at 114, 12 L ed 2d at 729." 13 L ed 2d at 688-689.

Any doubt about the holdings in *Aguilar* and *Ventresca* has been removed by the reversal of the following cases because hearsay affidavits did not recite adequate "underlying circumstances" to support a finding of probable cause. *State v. McIlvaine,* 245 La 649, 160 S2d 566 (1964), reversed sub nom. *McIlvaine v. Louisiana,* 379 US 10, 85 S Ct 90, 13 L ed 2d 23 (1964); *Barnes v. State* (Tex Cr 1964) 390 SW2d 266, reversed sub nom. *Barnes v. Texas,* 380 US 253, 85 S Ct 942, 13 L ed 2d 818 (1965), *Riggan v. Commonwealth,* 206 Va 499, 144 SE2d 298 (1965), reversed sub nom. *Riggan v. Virginia,* 384 US 152, 86 S Ct 1378, 16 L ed 2d 431 (1966).

In *State v. Hollman,* 251 Or 416, 446 P2d 117 (1968), we cited with approval *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L ed 2d 62 (1967). In that case the Supreme Court quoted with approval from *Aguilar v. Texas* in sustaining an arrest without a warrant and a search incidental thereto made on information received from an informer where there were "underlying circumstances" from which the officers "concluded that the informant . . . was 'credible' or his information 'reliable.' " 18 L ed 2d at 67.

The latest pronouncement by the Supreme Court is contained in *Recznik v. City of Lorain,* decided November 18, 1968 (37 LW 3183), in which the court said: "Even where a search warrant is obtained, the police must show a basis for the search beyond the mere fact

of an assertion by an informer, Aguilar v. Texas, 378 U. S. 108."

■■ The affidavit in this case recites none of the underlying circumstances "essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." 13 L ed 2d at 689. We must, therefore, hold that the court erred in denying the motion to suppress and admitting in evidence the items seized during the illegal search.

The judgment is reversed and remanded.