Argued May 8, affirmed July 16, 1969

STATE OF OREGON, *Respondent, v.*
LESLIE JEROME WILLIAMS,
*Appellant.*

456 P2d 489

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE* and HOLMAN, Justices.

---

* Denecke, J., did not participate in the decision of this case.

SLOAN, J.

Defendant appeals a conviction of the possession of narcotics claiming there was insufficient evidence to connect him with possession of the narcotics and that his motion for a directed verdict should have been allowed. His prime reliance is upon some similarity in the evidence of this case to that of *State v. Oare,* 1968, 249 Or 597, 439 P2d 885. There is evidence in the instant record to compel a different result than in the *Oare* case.

In the present case police officers obtained a search warrant authorizing the search of defendant's person and of a designated house where defendant was believed to be. In execution of the warrant two officers approached the front door of the house, one of the officers knocked on the door and a woman answered. When the officer identified himself and his purpose, defendant was seen to flee the room into which the door had opened. The officer followed and found defendant just seating himself on a bed in an adjacent bedroom. As defendant sat on the bed a small vial rolled from under a pillow. When the pillow was lifted other vials were found. These vials contained narcotics. The vials had prescription labels bearing the name of defendant.

Mail addressed to defendant was found on a bedside table in the room. A coat or jacket in the closet was found which contained keys and other narcotics. Defendant claimed ownership of the keys but denied ownership of the jacket and narcotics. At the time described, defendant was without shoes. When he was arrested and told to leave he took his shoes from under the bed and put them on.

At the trial defendant testified and denied posses-

sion of the narcotics and of any control of the premises where they were found.

The evidence above related adds sufficient evidence of the likelihood of defendant's participation, at least, in the possession of the narcotics to add the inferences of possession not found in the *Oare* case. We think here that the inferences and denials were for jury resolution.

Judgment affirmed.