Argued November 24, affirmed December 18, 1969,
petition for rehearing denied January 27, 1970.
Petition for review denied by Supreme Court
February 26, 1970

STATE OF OREGON, *Respondent, v.*
EMERY LLEWELLYN ALBERTSON
and
JOAN ELIZABETH ALBERTSON,
*Appellants.*
462 P. 2d 458

*G. Bernhard Fedde,* Portland, argued the cause and filed the brief for appellants.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

LANGTRY, J.

Defendants, having waived a jury trial, were convicted by the court of illegal possession of narcotics (marihuana), under ORS 474.020(1).

The substance of their assignments of error is that evidence upon which a search warrant was issued was illegally obtained, and should have been suppressed.

The defendants were tenants of about one-half of a small acreage owned by a Mrs. Adams. Mrs. Adams took Officer Zahn to the premises and gave him a marihuana plant which she said had been growing there. From what part of the premises she had taken it was not made clear. The affidavit for the warrant was made by Officer Perkins, who related in it the above facts and the hearsay of Mrs. Adams and Officer Zahn. He added that he investigated the premises by observing from neighboring property, through binoculars, plants that appeared to be marihuana growing on the defendants' premises. He then entered the premises, past a "No Trespassing" sign, and observed on the window sill inside the house a potted

plant that appeared to be marihuana, and other cultivated marihuana adjacent to the defendants' house.[1]

■ In *State v. Brown*, 1 Or App 322, 461 P2d 836 (1969) Sup Ct review denied (1970), we held that observation of what is in plain and open view may be used as the basis for a search warrant. Each case must be determined on its facts.

■■ The trial court ruled that the hearsay from Mrs. Adams and Officer Zahn, related in the affidavit, and the observations of Officer Perkins made from off the premises, could be considered. These, the trial court held, without the evidence allegedly obtained through trespass, constituted probable cause for the warrant. We hold this ruling was correct. The recital of illegally obtained evidence, if any, in the affidavit which supports the warrant, does not invalidate such warrant, provided the other information therein shows probable cause to issue the warrant. *United States v. Sterling*, 369 F2d 799, 802 (3rd Cir 1966), and *Chin Kay v. United States*, 311 F2d 317, 320, 321 (9th Cir 1962). The hearsay information in the affidavit herein was not like that in *State v. Flores*, 251 Or 628, 447 P2d 387 (1968), where the informant was not identified. Here, the informant, with evidence in hand, was the named owner of the property.

Affirmed.

---

[1] In view of the basis for our decision in this case, it is unnecessary for us to discuss whether this was such a trespass as would require suppression of any evidence seized as its result.