Argued November 20, affirmed December 10, petition for
review denied December 30, 1970

STATE OF OREGON, *Respondent, v.*
WALLACE T. RUTHERFORD, *Appellant.*
477 P2d 911

*Glenn D. Ramirez*, Klamath Falls, argued the cause and filed the briefs for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry* and Branchfield, Judges.

SCHWAB, C. J.

Defendant was convicted of possession of marihuana under ORS 474.020. On appeal he contends that the court erred in (1) denying his motion to suppress which was based on the ground that the warrant was invalid; (2) in denying his motions for judgment of acquittal or for directed verdict which were based on the grounds that the state did not show possession or felonious intent to possess, and (3) instructing the jury on (a) constructive possession, (b) the presumption regarding unlawful intent, and (c) the circumstantial evidence.

---

* Langtry, J., did not participate in this decision.

The defendant moved into a house in Klamath Falls. A few days after he moved in, he began to tend a small plot of ground, as if he were planting a garden. This plot of ground was located about 60 feet from his house in a small cleared area variously described as either in defendant's yard or in a lot adjoining his yard. Three of defendant's neighbors observed defendant tending, digging, watering and raking the plot on several occasions.

A month or two after the defendant took over the premises in question, one of the defendant's neighbors went on the defendant's property to retrieve a football. He discovered that the garden plot contained about five plants, each approximately a foot in height. Acting on his own initiative, he picked a portion of one of the plants and turned it over to the Klamath Falls police who identified it as marihuana. On the basis of this information the police obtained a search warrant for the defendant's premises, including the residence building, and searched them the next day. The police found five marihuana plants growing in the "garden." At the time they found them they observed a garden hose running from the defendant's house to this area. Immediately prior to trial, the prosecutor informed the court and defense counsel that nothing found in the search of the house would be offered into evidence and that the state would proceed on the theory that the defendant unlawfully possessed the growing marihuana plants.

■■ The affidavit in support of the search warrant recited that a named individual observed the plants growing on certain designated premises, and that he had obtained samples of these plants which the police had determined to be marihuana. The affi-

davit was clearly sufficient to support issuance of a warrant to search the premises surrounding the defendant's home. Cf. *State v. Brown,* 1 Or App 322, 461 P2d 836 (1969), and *State v. Albertson,* 1 Or App 486, 462 P2d 458 (1969). Defendant's objection to the fact that the search warrant also authorized the search of his residence is moot. Regardless of whether the facts alleged in the affidavit justified a search of his house, nothing taken from the house was used at the defendant's trial, so defendant could not have been harmed by the trial court's denial of his motion to suppress with respect to that evidence.[1]

Defendant's contention that the court should have granted his motion for judgment of acquittal or for directed verdict is based on the argument that he cannot be held to be in "possession" of a plant growing in the ground. This contention confuses the concept of possession with the technical rules as to when severed crops cease to be realty and become personalty for the purpose of a common law larceny prosecution. See, e.g., the discussion of those rules in Perkins, Criminal Law 234-36 (2d ed 1969). Such rules are irrelevant here. One can possess property regardless of whether it is realty or personalty, and the term marihuana as used in the Oregon narcotics law in-

---

[1] We do not here consider whether a search warrant was required for the police to enter upon the land on which the marihuana plants were growing. The record does not describe the situation with sufficient detail for a determination of whether the plants were visible from off the premises. Further, it is not entirely clear from the transcript whether the defendant's "garden" was situated on his own property, as most of the testimony indicates, or merely on an adjoining vacant lot as defendant insists in his brief on appeal. If the latter, the defendant would be complaining of police entry on land on which he might well be only a trespasser.

cludes growing marihuana plants. ORS 474.010 (13) states:

> " 'Marihuana' includes all parts of the plant Cannabis Sativa L., whether growing or not * * *."

■■ Defendant's conduct in tending the plants supports the jury's finding that he was in possession of them, and the jury was entitled to infer that the defendant knew the nature of the plants he was tending. Defendant argues that he was not charged with growing marihuana, in violation of ORS 474.030,[2] but with possession, in violation of ORS 474.020.[3] Defendant did not contend in the court below that a different charge should have been brought. He was informed at the beginning of the trial that the prosecution would proceed on the theory that defendant was guilty of unlawful "possession." In any event, even a timely objection would not have been well taken. The facts of this case illustrate both a possession of marihuana and a growing of it. The mere fact that a person's conduct violates two criminal statutes does not confer upon him a right to be prosecuted under one rather

---

[2] ORS 474.030 provides:

"No person shall manufacture, compound, mix, cultivate, grow or by any other process produce or prepare narcotic drugs, and no person as a wholesaler shall supply the same without having first obtained a license so to do from the Board of Pharmacy."

ORS 474.030 is punishable as a felony with a maximum prison sentence of not to exceed 10 years. See ORS 474.990 (1).

[3] ORS 474.020 (1) provides:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter."

ORS 474.020 is punishable as a misdemeanor or as a felony with a 10-year maximum prison sentence. See ORS 474.990 (2).

than the other. *State v. Dumont,* 3 Or App 189, 471 P2d 847 (1970).

There is no merit in the remaining assignments of error. They challenge three instructions dealing with constructive possession, the presumption regarding unlawful intent, and circumstantial evidence as being inapplicable to the facts of the case. The instructions given were both applicable and correct statements of the law in each instance.

Affirmed.