Argued December 1, 1972, affirmed January 5, petition for
rehearing denied January 31, petition for
review denied March 21, 1973

STATE OF OREGON, *Respondent, v.* JAMES
EDWARD SMITH (No. C-72-05-1701 Cr),
*Appellant.*
504 P2d 1072

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The defendant was convicted of the crime of criminal activity in drugs (ORS 167.207). He appeals, asserting two assignments of error. One is that the court erred in denying his motion for judgment of acquittal. The basis of the motion was that there was insufficient evidence that he had possession of the heroin that constituted the basis of the charge.

There was evidence from which the jury could have found that the police, armed with a search warrant to search a single family house where defendant lived with two of his children, arrested the defendant as he was driving away from his home. No one else lived or was present at the home. For about an hour prior to the arrest the house had been under constant surveillance by the police. During that time defendant was observed outside the home in the yard. Another man came along the street and climbed the stairs to the porch of the house. The defendant came from the yard to the corner of the house and carried on a short conversation with him. The unidentified man then left

the premises. The defendant shortly thereafter entered the house. A short while later he left the house and drove off in his car. He was at that time stopped by the officers, advised of the search warrant and given the required warnings. No question is raised concerning either the validity of the search warrant or of the warnings. The search took place after dark.

Defendant returned to the house with the officers, opened the door with his own key, and a search of the premises ensued. This revealed in an upstairs room substantial paraphernalia, including plastic balloon material for the packaging and adulterating of drugs, including heroin. Letters addressed to the defendant were found in various rooms in the house.

In the search of the exterior of the premises in the back of the house, a spherical shaped aluminum foil package containing 64 heroin-filled plastic balloons was found about 20 to 25 feet from the back door, apparently similar to the plastic found in the upstairs room. The yard was surrounded by hedges or shrubbery on the west and south property lines varying in height from four to six feet. The aluminum package was found on the ground nearest the corner farthest from the street close to a pile of boards. The grass in the area had been recently mowed. The hedges which extended along both property lines in that corner area were six feet in height. The lot was a corner lot and the house was located on the portion of the lot nearest the street intersection, and occupied much of the lot on the two unhedged sides, though the back part of the lot was visible from the sidewalk. *See: State v. Rutherford,* 4 Or App 164, 477 P2d 911, Sup Ct *review denied* (1970).

Defendant contends that as a matter of law he

did not have possession of the heroin and thus that he was entitled to judgment of acquittal. He does not challenge the instructions under which this matter was submitted to the jury, nor does he claim that other persons had joint occupancy of the house or the lot. Indeed in his motion he concedes that

"\* \* \* there has been evidence to show that the house—he lives there—from the particular documents they found in the living room or dining room or the kitchen. \* \* \*"

In *State v. Oare,* 249 Or 597, 599, 439 P2d 885 (1968), a narcotics case, the Supreme Court said:

"\* \* \* The fact that defendant had none of the narcotic upon his person is not completely determinative of the question of his possession of it. A person may have constructive as well as actual possession of contraband. \* \* \* Evidence of the control or the right to control is necessary to constructive possession. \* \* \*"

In *State v. Neel,* 8 Or App 142, 493 P2d 740 (1972), we pointed out:

"We are aware that seldom can direct evidence be produced that the accused had actual knowledge of a given fact. However, knowledge may be inferred from circumstances, and a jury can be so instructed.

"Our holding in this case is consistent with the provisions of Oregon's new criminal code which provides: (1) 'a person is not guilty of an offense unless he acts with a culpable mental state,' Oregon Laws 1971, ch 743, Section 8(2), p 1878, except when 'an offense defined by a statute \* \* \* clearly indicates a legislative intent to dispense with any culpable mental state requirement,' Oregon Laws 1971, ch 743, Section 9(1)(b), p 1878; (2) the culpable mental state required in drug offenses is that the prohibited acts were 'knowingly' done, Oregon Laws 1971, ch 743, Sections 274, 275, 276, 277, pp

1946, 1947; (3) 'knowingly * * * means that a person acts with an awareness that * * * a circumstance * * * exists,' Oregon Laws 1971, ch 743, Section 7(8), p 1878; and (4) for drug offenses, the element of knowledge can be proven by surrounding circumstances, *see* Oregon Laws 1971, ch 743, Section 279(1), p 1947. Nothing in the commentary of the Criminal Law Revision Commission indicates that the above provisions were regarded as a significant departure from prior law." 8 Or App at 149.

The defendant does not seriously contend that there was insufficient evidence of his constructive possession of the narcotics paraphernalia found within the house, but does strenuously contend there was not sufficient evidence of his constructive possession of the heroin found in his back yard.

He relies on *State v. Dennis,* 177 Or 73, 159 P2d 838, 161 P2d 670 (1945). We note that the trial court, whose instructions are not here challenged, included in its charge language clearly setting forth the rule of that case pertaining to reliance on circumstantial evidence to establish any necessary fact in the case.

■ Under the rule of *State v. Zauner,* 250 Or 105, 441 P2d 85 (1968); *State v. Jefferson,* 9 Or App 314, 496 P2d 35 (1972), and *State v. Wright,* 12 Or App 73, 504 P2d 1065 (1973), we review the sufficiency of circumstantial evidence, when solely relied upon as necessary to the establishment of an essential fact, only to determine whether a reasonable person, "based upon all the evidence adduced in the case, [would] be warranted in finding beyond a reasonable doubt" that the fact in question had been established. *State v. Jefferson,* supra, 9 Or App at 320. Unlike the jury, we in our

review neither weigh that evidence nor concern ourselves with its credibility.

■ We conclude, as did the trial court, that there was sufficient circumstantial evidence introduced on the question of knowledgeable possession of the heroin by the defendant to support the jury's verdict. The assignment is without merit. *State v. Rutherford,* supra; *State v. Williams,* 253 Or 646, 456 P2d 489 (1969).

■ The second assignment contends that the trial court erred in refusing defendant's motion made in advance of his calling of any witness, including himself, to enjoin the use of prior convictions to impeach the defendant's character. It is conceded that such convictions included burglary and possession of narcotics. This assignment is palpably without merit. ORS 45.600; *State v. Rush,* 248 Or 568, 436 P2d 266 (1968).

Affirmed.