Argued May 7, found review improvidently granted
September 10, 1973

STATE ex rel KERNS, *Petitioner, v.*
READ, *Respondent.*
513 P2d 1160

*Ken C. Hadley,* Baker, argued the cause for petitioner. With him on the briefs was Ralph G. Monson, Baker.

*Jesse R. Himmelsbach, Jr.,* District Attorney for

Baker County, argued the cause and filed the brief for respondent.

PER CURIAM.

Kerns, while driving his automobile, was stopped by the police, and his car and person searched without a warrant. He was found to possess marihuana and was indicted for its possession. He filed a motion to suppress it as evidence on the grounds that the warrantless search was illegal. During the hearing on the motion, the police testified that the search was performed because of information given by an unnamed informant to Police Chief Read that there was marihuana in the vehicle. Upon a request by the court to disclose the identity of the unnamed informant, the State asserted an "informant's privilege" and the witness, Read, refused disclosure. The trial judge held the witness in contempt for failure to make the disclosure and withheld judgment on the merits of the motion to suppress. The witness appealed his contempt conviction to the Court of Appeals, which reversed the trial court. 11 Or App 48, 501 P2d 82 (1972). This court granted review.

The basis for the reversal by the Court of Appeals was that since the privilege was not a personal privilege of the witness but, rather, a privilege of the State not to disclose the identity of persons who furnish information to law enforcement officials, any sanction for its erroneous assertion must be directed at the State rather than the individual witness. With this disposition this court fully agrees. However, even though no disposition was made of the motion to suppress and the appellant was Read, not the State, the opinion of the

Court of Appeals went further and discussed the circumstances under which the privilege could be asserted by the State, and it was for the purpose of investigating this subject that review was taken by this court.

Upon mature consideration of the appeal we became aware that the circumstances under which the privilege could be asserted by the State were outside the issues because no ruling had been made upon the motion to suppress and the State was not even a party to the appeal (except insofar as the State is a party to any contempt proceeding). The contempt proceeding could not have been valid in any event.

We therefore hold that the review was improvidently granted.