FITCH, *Petitioner,*
*v.*
PUBLIC WELFARE DIVISION, *Respondent.*
(CA 6459, SC 25195)
567 P2d 117

Gary Roberts, of Legal Aid Service, Multnomah Bar Association, Inc., Portland, argued the cause and filed a brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, Bryson, Lent, and Linde, Justices.

Petition dismissed as improvidently granted.

**PER CURIAM.**

Petitioner appealed from an order of the Public Welfare Division which suspended a portion of her ADC (Aid to Dependent Children) grant for a period of 90 days because she refused a job referral without good cause. The Court of Appeals affirmed the order, deciding that the agency action was not contrary to certain provisions of the federal Social Security Act. We granted review because a serious question existed as to whether the Division failed to follow its own rules in suspending the benefits without offering counseling services for a 60-day period. OAR 461-5.427(1).

The Division now concedes that the state rule, OAR 461-5.427(1), was not followed in this case. Subsequent to the allowance of the petition for review, a question arose as to the validity of OAR 461-5.427(1) under ORS 411.116, which authorizes the Division only to "adopt rules consistent with federal * * * regulations * * *." The applicable federal regulation, 45 CFR § 224.76(d), denies the benefits at issue to those of petitioner's status.

The Division suggests that the federal regulation exists solely to regulate the spending of federal money in federally sponsored programs. If so, a state rule granting benefits to be paid from state revenues might arguably be "consistent" with the purpose of the federal regulation. The record in this case, however, does not show if state money has been or will be spent or is available to administer OAR 461-5.427(1). Because of the lack of any evidence on this issue, we cannot decide the validity of OAR 461-5.427(1) in this proceeding. For this reason, we now view the petition as improvidently granted.[1]

Petition dismissed as improvidently granted.

---

[1] For other cases dismissing petitions as improvidently granted, *see State ex rel Juvenile Department of Multnomah County v. Richardson,* 267 Or 374 (1973); *State ex rel Kerns v. Read,* 266 Or 382 (1973). *See also K. v. Health Division,* 277 Or 371, 376 (1977) (Denecke, C. J., specially concurring); *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 570 (1971) (Tongue, J., concurring); *State v. McLean,* 255 Or 464, 482 (1970) (Denecke, J., specially concurring).