Argued August 22, 1978, affirmed January 15, reconsideration denied
February 27, Supreme Court review allowed April 17, 1979
286 Or 149

STATE OF OREGON, *Respondent,*
*v.*
MARK ALLEN MATSEN, *Appellant.*
(No. 77-09-13613, CA 10520)

STATE OF OREGON, *Respondent,*
*v.*
TYRRELL LEE WILSON, *Appellant.*
(No. 77-09-13612, CA 10429)
(Consolidated cases)
588 P2d 1284

S. Randall Johnson, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and James E. Mountain, Jr., Deputy Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

Defendants in this consolidated appeal seek reversal of their convictions for criminal activity in drugs and assign as error the denial of their joint motions to suppress evidence gained in the search of their residence.

After numerous contacts with informants and nearly two weeks of surveillance, the police entered defendants' house, frisked the occupants, detained them while a search warrant was obtained, and then searched the house and found the drugs.

Defendants argue that the police should have obtained a search warrant prior to entering the residence. We consider whether the warrantless entry was based on probable cause and exigent circumstances. Because we hold that it was, we need not consider the defendants' contention that the action of the police in securing a warrant after they had "frozen" the situation does not validate the earlier entry.

## PROBABLE CAUSE

Defendants challenge the reliance upon observations of defendants' house and activities made by the police from the grounds surrounding defendants' house as a basis for probable cause. In *State v. Albertson,* 1 Or App 486, 462 P2d 458 (1970), we held that where a search is based in part upon unlawfully obtained information, the search nevertheless will be upheld if the remaining unchallenged information is sufficient to constitute probable cause. Here, as we discuss below, the unchallenged information is abundantly sufficient. Consequently, we do not consider the lawfulness of the challenged observations.

■ Probable cause may be established through verified information provided by reliable informants. *Draper v. United States,* 358 US 307, 79 S Ct 329, 3 L Ed 2d 327 (1959). In this case the police made about 30 contacts with three informants over a 13-day period. The informants suspected a large-scale drug operation to

be going on in defendants' house. They provided the police with a physical description of the house, the identity of the occupants and samples of marijuana supplied to them by the occupants. They informed the police that the occupants had been in the house of one of the informants with marijuana and that the occupants had transported marijuana from their house in their own cars. Fifty pounds of marijuana was seen at one time in the defendants' house as well as cocaine, amphetamine, heroin and LSD in various amounts. The informants also described one Max or Pete (later identified as co-defendant Tolomei) as the apparent drug supplier, implying that evidence of crime was more likely to be present during his presence than otherwise.

The reliability of the informants may be established, among other ways, through independent investigations by the police, *State v. Hayward and Hayward,* 18 Or App 128, 523 P2d 1278 (1974), by past undercover work, *State v. Fugate, Peterlla,* 24 Or App 419, 545 P2d 922 *rev den* (1976), and by the informant tendering contraband to police, *State v. Hayward and Hayward; State v. Evans,* 1 Or App 489, 463 P2d 378 *rev den* (1970). All of these indicia of reliability occurred in the present case.

Probable cause may also, of course, be established by the firsthand observations of police. In this case a police officer concealed in the house of an informant neighbor observed Tolomei and defendant Matsen standing in defendant Matsen's driveway and exchanging approximately a pound of suspected marijuana. All of this evidence supports the conclusion that the police had probable cause to believe that illegal drugs were within the premises.

## EXIGENT CIRCUMSTANCES

Exigent circumstances exist where police officers reasonably believe an immediate search is necessary to prevent the loss of evidence. *State v. Basler,* 24 Or App 723, 546 P2d 1084 *rev den* (1976). In this case the

police had reliable information that the house was the center of drug sales but they could not be certain at any given time of the presence or quantity of drugs unless the supplier was making a delivery. When the supplier Tolomei arrived, it was reasonable for the police to believe that an immediate search was necessary to prevent the loss of evidence.

## DELAY

Defendants also argue that the seizure was invalid because the officers had probable cause to secure a warrant for a length of time prior to the actual seizure. To the contrary, defendants have no "right to be arrested" as soon as a quantum of evidence sufficient to constitute probable cause is found. As we said in *State v. Allen/Reed,* 12 Or App 633, 636, 508 P2d 472 (1973), and reaffirmed in *State v. Basler,* 24 Or App at 728:

"* * * The mere fact that a police officer may have probable cause to get a warrant or make an arrest at a particular point does not mean he must stop his investigation and go for the warrant or make the arrest. This is the rule as we understand it from *Hoffa v. United States,* 385 US 293, 87 S Ct 408, 17 L Ed 2d 374 (1966), *rehearing denied* 386 US 940 (1967). *See also State v. Murphy,* 2 Or App 251, 258, 465 P2d 900, Sup Ct *review denied, cert denied* 400 US 944 (1970). * * *"

Affirmed.