Argued and submitted June 4, remanded to the Court of Appeals for further consideration October 30, 1979

STATE OF OREGON,
*Respondent,*

*v.*

MAXWELL PETE TOLOMEI,
*Petitioner.*

(TC C 77-09-13611, CA 10297, SC 26063)

601 P2d 1251

Marc D. Blackman, Portland, argued the cause for petitioner. With him on the briefs were Ransom, Rogers & Blackman, Jeffrey S. Mutnick, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

LENT, J.

## LENT, J.

This puzzle concerns Maxwell Pete Tolomei. Some of his pertinent activities and of the police officers who arrested him are described in *State v. Matsen/Wilson,* 287 Or 581, 601 P2d 784 (1979). Like Matsen and Wilson defendant was charged with violation of former ORS 167.207 (Criminal Activity in Drugs) in an information of the district attorney containing two counts. Count I charged unlawful possession of marijuana. Count II charged unlawful possession of amphetamine. Defendant's motion to suppress all drugs as evidence was denied. Defendant was found not guilty on Count I and guilty on Count II. He appealed from the judgment of conviction, assigning as error the denial of his motion to suppress. The Court of Appeals affirmed in a per curiam opinion merely citing its opinion and decision in *State v. Matsen/Wilson,* 38 Or App 7, 588 P2d 1284 (1979). *State v. Tolomei,* 38 Or App 2, 588 P2d 1287 (1979). We allowed review, ORS 2.520; 286 Or 149 (1979).

The warrant described in this court's opinion in *State v. Matsen/Wilson, supra,* authorized search of both the residence and this defendant's vehicle. After the search of the residence the police officers searched the vehicle and seized therefrom the amphetamine which was the subject of Count II, upon which defendant was convicted.

As noted above the defendant moved to suppress both the Count I marijuana seized in the residence and the Count II amphetamine found and seized in his motor vehicle. His motion and those of the defendants in *Matsen/Wilson* were consolidated for hearing before the trial judge. The trial judge made detailed oral findings and conclusions (five pages in the transcript). His statement from the bench concluded:

> "Now, with respect to—And therefore I deny the motion to suppress insofar as the entry into the house is concerned."

There is no word in his findings and conclusions concerning the search of defendant's vehicle.

On the afternoon of the same day defendant waived trial by jury, and the case was tried to the court. It was stipulated that the court could consider the evidence taken upon the motion to suppress except for certain evidence which the court orally had actually ordered suppressed. It was further stipulated that the court would consider the police reports and the transcript of proceedings upon preliminary hearing held earlier before a district court judge. The trial judge then took the matter under advisement and six days later made and entered a written opinion, which states in part:

"Based upon this evidence, I find beyond a reasonable doubt the defendant Tolomei guilty of committing the crime of CAID by possession of amphetamines, Count II. I find him not guilty of Count I."

Two months later a written order was entered, incorporating by reference the judge's oral findings and conclusions made at the suppression hearing. By this order "defendant's motion to suppress evidence herein" was denied. On the same day the judge's "Trial Order" was entered, in which the court found defendant guilty on Count II and not guilty on Count I. Eight days later the court entered its "Judgment and Probation Order" fixing and suspending a sentence on the conviction on Count II and dismissing Count I. Defendant timely appealed.

To that point there is little out of the ordinary in the progression of this case through the court system. What follows is extremely puzzling to this court. From almost everything in the record in the Court of Appeals and in this court it appears that the defendant labored under the delusion that he had been convicted of Count I rather than Count II. The following would so indicate.

In defendant's opening brief in the Court of Appeals he states (at page 12):

> "Following the issuance of the warrant, a complete search of the residence was conducted. The items seized during this search constituted the evidence used by the State against Mr. Tolomei and others."

We are unable to find one word in his 33 page brief that indicates to us that defendant appreciated that he had been adjudged guilty on Count II but acquitted on Count I. There is not one mention of the word "amphetamine"; neither is there any mention of the search of his motor vehicle by the police officers, who had a warrant authorizing that search.

The state's answering brief in the Court of Appeals mentions in passing that the police reports "indicate" that amphetamine was found in defendant's vehicle and that the warrant provided for search of the house, the defendant, and his vehicle. Other than that the state's brief consists of a defense of the search of the house and the seizure of the marijuana there located.

The defendant's reply brief in the Court of Appeals contains nothing concerning the search of the car or of amphetamine.

Since the Court of Appeals assigned only its decision in *State v. Matsen/Wilson, supra*, as reason for its disposition of this case, this court is unable to ascertain what was the reaction of that court to this puzzling record.

In his 35 page petition for review in this court defendant does not mention the search of the motor vehicle and the discovery of amphetamine in the vehicle. In his petition for review defendant says in part:

> "Petitioner contends that the Court of Appeals erred in affirming the decision of the trial judge who had overruled petitioner's motion to suppress evidence seized during the warrantless search of a private residence and thereafter rendered a judgment of guilty on the charge of Criminal Activity in Drugs based on such evidence.
> "* * * * *

> "Following the issuance of the warrant, a complete search of the residence was conducted. The items seized during this search constituted the evidence used by the State against Mr. Tolomei and others."

We believe a fair examination of the petition for review reveals that the defendant thought he was attempting to obtain reversal of a conviction for unlawful possession of the marijuana found in the search of the house.

In oral argument in this court defendant's counsel stated in part:

> "And, of course, here Mr. Tolomei was charged and convicted only with possession of the marijuana that was on the counter in the kitchen, the same drugs, in other words, as the other residents of the house. * * * As far as the fruit of the poisonous tree is concerned, the claim that the police, on the facts of this case, where they went in without a warrant, that the only drugs were—the basis of a conviction were on the dining room or, excuse me, the kitchen table in the view of the officers * * *."

In oral argument defendant's counsel did not address the search of the vehicle and the discovery of amphetamine.

The record before us contains no briefing or argument on the legality of the vehicle search and amphetamine seizure. This is not the kind of record upon which to exercise the review function of this court insofar as the court is to be recognized as a "law announcing" court or one "to keep the law in order." We therefore express no opinion as to the legality of the search of defendant's vehicle and the seizure of amphetamine.

The Court of Appeals had before it a record in which this defendant relied upon a claim of illegality of the search of the residence and seizure of the marijuana to support his assignment of error. Given that position of the defendant, the Court of Appeals seems

to have been justified in disposing of this case based upon that court's disposition of the legality of that search and seizure in its opinion in *State v. Matsen/ Wilson, supra.* Had that court ruled that search and seizure invalid, that court, as an error correcting court, would have had to deal with the apparent confusion of defendant as to his claim of trial court error. How the Court of Appeals would or should have reacted we cannot say. In light of our disposition of *State v. Matsen/Wilson, supra,* however, we believe that this case must be remanded for the Court of Appeals' further consideration.

Remanded to the Court of Appeals for further consideration in light of our decision in *State v. Matsen/Wilson, supra,* and of this opinion.