Submitted on remand from the Supreme
Court October 30, 1979, argued and submitted March 17,
affirmed June 23, reconsideration denied July 31,
petition for review denied September 3, 1980 (289 Or 588)

STATE OF OREGON,
*Respondent,*

*v.*

MAXWELL PETE TOLOMEI,
aka Pietro Wilson,
*Appellant.*

(No. 77-09-13611, CA 10297)

613 P2d 106

Marc D. Blackman, Portland, argued the cause for appellant. With him on the briefs was Ransom, Rogers & Blackman, Portland.

James M. Brown, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This case is before us on remand from the Supreme Court.[1] *State v. Tolomei,* 287 Or 701, 601 P2d 1251 (1979). In its opinion the Supreme Court described this case as a puzzle. In brief, the puzzle is as follows.

After police seized marijuana from a house where defendant was present and seized amphetamines from his vehicle, defendant was charged under former ORS 167.207, with two counts of criminal activity in drugs. Count I charged defendant with possession of marijuana and Count II charged possession of amphetamines. Defendant's motion to suppress evidence was denied. Thereafter, defendant waived a jury trial and stipulated to the facts in the police reports, preliminary hearing and suppression hearing. The trial court entered a judgment of conviction on Count II for possession of amphetamines and dismissed Count I relating to possession of marijuana. Defendant appealed the denial of his motion to suppress. We affirmed the trial court's ruling in a per curiam opinion,[2] citing *State v. Matsen/Wilson,* 38 Or App 7, 588 P2d 1284 (1979). The Supreme Court allowed review.[3]

Defendant's arguments at the suppression hearing centered totally on the search of the house and the seizure of evidence therein. There is nothing regarding the search of defendant's vehicle in the detailed oral findings and conclusions made by the trial court at the suppression hearing. Moreover, on appeal before this court and on review in the Supreme Court, defendant

---

[1] The facts surrounding defendant's arrest are detailed in *State v. Matsen/Wilson,* 287 Or 581, 601 P2d 784 (1979). Defendant Tolomei's motion to suppress evidence was consolidated with those of the defendants in *Matsen/Wilson.* Their motions were denied and defendant Tolomei appealed separately. In *State v. Matsen/Wilson,* 38 Or App 7, 588 P2d 1284 (1979), we affirmed the order suppressing the evidence; however, the Supreme Court reversed our decision. *State v. Matsen/Wilson,* 287 Or 581, 601 P2d 784 (1979).

[2] 38 Or App 2, 588 P2d 1287 (1979).

[3] 286 Or 149 (1979).

challenged *only* the search of the house and the seizure of marijuana located therein. There was no mention in defendant's appellate briefs of the search of his automobile by police officers, acting pursuant to warrant, or their seizure of the amphetamines. As noted by the Supreme Court:

> "From almost everything in the record in the Court of Appeals and in this court it appears that defendant labored under the delusion that he had been convicted of Count I rather than Count II.
>
> "* * * * *
>
> "We believe a fair examination of the petition for review reveals that the defendant thought he was attempting to obtain reversal of a conviction for unlawful possession of the marijuana found in the search of the house." *State v. Tolomei,* 287 Or at 704, 706, 601 P2d 1253.

The Supreme Court noted an apparent confusion on the part of defendant and remanded the case to us for further consideration.

On reconsideration, we have examined the transcripts of the preliminary hearing, the suppression hearing and the trial. We have examined the briefs and studied the oral arguments before this court and the Supreme Court, and we find that at no time did defendant specifically challenge the legality of the search of his vehicle and subsequent seizure of amphetamines.[4] On remand, we permitted defendant to submit a supplemental brief and allowed oral argument to explain his confusion. Defendant took this opportunity to raise new theories, but he did not attempt to explain his failure to raise the issue concerning the search of his vehicle. Therefore, we have no reason to believe that defendant's failure to preserve

---

[4] We note that in the last sentence of his three-page memorandum in support of his motion to suppress evidence in the trial court defendant stated, "The seizure of items in the El Camino [defendant's] automobile which was parked and immobile was also the fruit of the initial illegal intrusion. *Wong Sun v. United States, [371 US 471, 83 S Ct 407, 9 L Ed 2d 441], supra."* This argument, however, was never mentioned again in the suppression hearing nor anywhere in his original briefs on appeal.

the issue concerning the automobile search in his original briefs was due to any reason sufficient to excuse compliance with established appellate procedure. It is well settled that we will not consider issues not briefed or argued on appeal, *Stanfield v. Laccoarce,* 284 Or 651, 659, 588 P2d 1271 (1978); Rule 7.19, Rules of Procedure of the Supreme Court and Court of Appeals. Although we have latitude to take notice of errors of law "apparent on the face of the record," Rule 7.19, *supra,* they have to be found *in the record.* Defendant made no assignment of error relating to the vehicle search. Neither defendant's opening nor reply brief contained reference to facts or argument which would give any hint he challenged the search of his vehicle.

Accordingly, we hold that defendant Tolomei has failed to preserve for appellate consideration the legality of the search of his automobile and seizure of its contents. Defendant's conviction for possession of amphetamines is affirmed.

Affirmed.