Argued September 23, affirmed November 2, 1970

ROBERT S. WRIGHT, *Respondent, v.*
CUPP, *Appellant.*
475 P2d 979

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*H. Jay Folberg*, Portland, argued the cause and filed the brief for respondent.

Before Langtry, Presiding Judge, and Foley and Fort, Judges.

FOLEY, J.

Petitioner, Robert S. Wright, was convicted of the crime of illegal possession of narcotics and was sentenced to eight years' imprisonment. On appeal the Oregon Supreme Court affirmed the conviction, 251 Or 121, 444 P2d 912 (1968). Subsequently petitioner filed a petition for post-conviction relief claiming, among other things, that a search warrant, the fruits of which led to his conviction, was a sham and was issued without a showing of the requisite probable cause and, as a result, his Fourth and Fourteenth Amendment rights were violated. The circuit court set aside petitioner's conviction and granted him a new trial. The superintendent of the Oregon State Penitentiary appeals the circuit court's judgment but does not challenge petitioner's right to be before this court.

The two affidavits upon which the search warrant in question was issued read as follows:

"I, Wayne Lee, Being first duly sworn, on oath, depose and say,

"That I am a police officer for the city of Portland Police Bureau assigned to Central Precinct.

"That on November 24, 1966, at about 11:05 p.m. on S. W. Mill between 11th and 12th I observed an individual attempting to open a parking

meter by working the lock with what appeared to be a key. After I identified myself as a police officer and advised him he was under arrest for tampering with a meter, subject took off running southeast across S. W. Mill. I chased him, however, he was finally apprehended by Sgt. * * * after he had run about 3½ blocks. Sgt. * * * advised me that he had seen the subject throw something away during the chase and that a subsequent search of the location in question produced a parking meter key. * * *"

"I, Carl Johnson, Being first duly sworn, on oath, depose and say,

"That I am a police officer for the City of Portland Police Bureau assigned to the Narcotics Detail.

"That on November 25, 1966 I talked to an informant, who is the subject described in Officer Wayne Lee's affidavit, who advised me that he had obtained the parking meter key in question from a Bobby Wright at the Kent Hotel, Room 37, for the purpose of gaining entry into parking meters in order to steal money therefrom. The informant advised me Bobby Wright had a paper sack containing about 15-20 keys for parking meters, coke machines, and candy machines in his hotel room. That informant advised me that Wright uses these keys to unlawfully steal money from parking meters.

"That a check with the Kent Hotel reveals that Bobby Wright does reside there in room 37, and I farther [sic] depose and say that I have good reasons to believe the above mentioned and described propery [sic] is concealed in the premises of the said Bobby Wright, situated at the Kent Hotel, Room 37 in the City of Portland, said County and State, I therefore pray the above entitled Court to issue a SEARCH WARRANT to examine the premises above described and specified and search for the above described property."

A search warrant was issued for "one sack of parking meter keys." Upon execution of the warrant, police officers recovered, in addition to a sack of assorted keys, heroin and paraphernalia commonly used to administer heroin.

The question which we must now decide is whether the above affidavits are sufficient to establish the probable cause which is a prerequisite to the issuance of a search warrant.

In *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), the United States Supreme Court set out a two-pronged test for determining whether an affidavit based on hearsay information fills the Fourth Amendment requirement of a showing of probable cause.

"* * * [T]he * * * [judge issuing the warrant] must be informed of some of the underlying circumstances from which the informant concluded that the * * * [items] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.' * * *" 378 US at 114.

The Supreme Court reiterated this standard in *Spinelli v. United States*, 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969).

Assuming for the purposes of this discussion that the affidavits contain a sufficient statement of underlying circumstances to enable the judge to test the validity of the informant's conclusion that the sack of keys was in the petitioner's hotel room, we must now determine whether there is a substantial basis in the affidavits for crediting the hearsay information. The informant is neither a police officer nor the victim

of a crime committed by petitioner; nor is there any showing made in the affidavits that the informant has proven reliable in the past or that he is reliable now. The mere fact that the statement of underlying circumstances might lead to the conclusion that the bag of keys is probably in petitioner's hotel room is not per se sufficient to establish the reliability of the informant and, therefore, the probable truth of his statement. Moreover, the affidavits omitted mention of any time when the informant obtained the key or observed the sack of keys in petitioner's room. In connection with the second part of the *Aguilar* test, then, the affidavits contain nothing to support a conclusion by the judge issuing the warrant that this informant was credible or his information reliable. See, *State v. Spicer,* 254 Or 68, 456 P2d 965 (1969); *State v. Flores,* 251 Or 628, 447 P2d 387 (1968); *State v. Dunavant,* 250 Or 570, 444 P2d 1 (1968).

We agree with the circuit court and affirm its order setting aside petitioner's conviction and granting him a new trial.

Affirmed.