Argued January 18, reversed February 11, 1971

# STATE OF OREGON, *Respondent, v.* CARL ARTHUR LEO, aka CAL LEO, *Appellant.*

480 P2d 456

*M. F. McClain,* Corvallis, argued the cause for appellant. With him on the brief were Ringo, Walton, McClain & Eves, Corvallis.

*Frank D. Knight,* District Attorney, Corvallis, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was convicted of unlawful possession of narcotics. He appeals, assigning as sole error the denial of his motion to suppress certain evidence seized in a private home pursuant to a search warrant issued by the district judge.

The warrant was issued after the filing of the following affidavit:

"I, JAMES MONTGOMERY, being first duly sworn on oath, depose and say that:

"I am a detective with the Corvallis Police Department and I am involved in the investigation of crimes committed within the City of Corvallis, including violations of narcotic drugs.

"At 5:25 p.m. on April 6, 1970, a call came to the Corvallis Police Department and I was informed by the person receiving the call that the person wanted to talk to a narcotics detective. I was on duty and the call was referred to me. The caller told me that a Cal Leo had two bricks of marihuana and six bags of 'grass' at the residence located at 1320 Crystal Lake Drive that used to be Chapman Lane located across the street from Brown & Company. He stated that Cal Leo was 'cutting' the marihuana right now on the kitchen table which is located in the back portion of the house. The term 'cutting' to me means the process of separating the brick of marihuana for sale.

"The caller was a male person. I asked him to give me his name several times and he refused to do so. From the tone of voice of the person and his manner in talking to me over the telephone I believe that the caller was telling me the truth.

"Officer Jack Uhden drove past the residence

at 1320 Crystal Lake Drive and parked in front of the residence was a 1957 Chevrolet Oregon license No. FDG227. I have caused a record check to be made with the Department of Motor Vehicles and find that this car is registered to a Carl H. Leo, 1696 Larkspur Loop, Eugene, Oregon. I have checked the Fusser's Guide at Oregon State University and find that there is a student Carl H. Leo from Eugene registered at Oregon State University.

"I have checked the City Directory and the residence at 1320 Crystal Lake Drive is registered to a Bill A. Luoma. I have probable cause to believe that narcotic drugs, to-wit: marihuana is being illegally possessed by one Cal Leo at the residence located at 1320 Crystal Lake Drive and therefore pray the above-entitled Court to issue a search warrant to examine the premises located at 1320 Crystal Lake Drive in the City of Corvallis, Benton County, Oregon, to search for the above-named marihuana."

No additional sworn testimony was adduced before the magistrate. The crucial question presented is whether or not there was probable cause to believe that the unknown informant was reliable. *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969).

In *Wright v. Cupp,* 3 Or App 586, 475 P2d 979 (1970), we discussed the rule to be applied, and said:

"* * * The informant is neither a police officer nor the victim of a crime committed by petitioner; nor is there any showing made in the affidavits that the informant has proven reliable in the past or that he is reliable now. The mere fact that the statement of underlying circumstances might lead to the conclusion that the bag of keys is probably in petitioner's hotel room is not per se sufficient

to establish the reliability of the informant and, therefore, the probable truth of his statement. Moreover, the affidavits omitted mention of any time when the informant obtained the key or observed the sack of keys in petitioner's room. In connection with the second part of the *Aguilar* test, then, the affidavits contain nothing to support a conclusion by the judge issuing the warrant that this informant was credible or his information reliable. * * *" 3 Or App 589-90.

Here we have an unseen and unknown informant with no prior history of reliability. The state concedes he was "truly anonymous." This informant did not tell the officer that he had himself seen the defendant or the contraband nor that either the defendant or the person in possession of the house had told him about the narcotic being on the premises. The informant did not say from what source he had derived his information. He did not tell Officer Montgomery that he was then or ever had been at the house, nor that he had at any time seen the defendant or the person having control of the house in possession of the described or any other narcotic.

The informant's statement "that Cal Leo was 'cutting' the marihuana right now on the kitchen table which is located in the back portion of the house," though susceptible of an inference the informant had personally observed this, was also susceptible of an inference that someone else had related this to the informant. Thus it contributes little to the crucial question of the reliability of the informant.

The state relies on *State v. Evans,* 1 Or App 489, 463 P2d 378, Sup Ct *review denied* (1970), to uphold the sufficiency of the warrant. There, however, the affidavit disclosed not only that the informant was

one "whose information has proved reliable in the past," but also that the informant told the affiant officer that he himself had very recently purchased a narcotic from the defendant at the very premises and, while there, had observed "a large quantity" of the narcotic. It also stated that the informant had actually delivered the purchased narcotic to the affiant officer who by virtue of his special training had identified it as marihuana.

Merely because the officer verified the presence at the house of a car registered to a Carl H. Leo and that one Carl H. Leo was registered as a student at Oregon State University does not in our opinion meet the *Aguilar* test of supplying to the magistrate sufficient "underlying circumstances" upon which to base a conclusion "that the informant * * * was 'credible' or his information 'reliable.' * * *" 378 US at 114. The officer's statement that "I believe the caller was telling me the truth" is not a statement of an "underlying circumstance" within the test of *Aguilar*.

The motion to suppress should have been allowed.

The judgment is reversed.