Submitted on briefs April 11, affirmed April 21, petition for rehearing denied May 25, petition for review denied July 25, 1972

## STATE OF OREGON, *Respondent, v.* DAVID A. DEVINE (No. 71-01-0092 Cr), *Appellant.*

496 P2d 51

N. Robert Stoll, Portland, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM.

Defendant, having been convicted of illegal possession of narcotics, former ORS 474.020, appeals, contending that his motion to suppress evidence, namely, contraband seized from him immediately prior to arrest, should have been granted.

We agree with the trial judge's findings and conclusion, which follow:

"* * * * *

"1. Two police officers upon routine patrol observed four men emerge from a house in the northwest district, hurriedly walk down the steps, one carrying a large paper bag, and enter a blue van parked at the curb. The officers testified that this was a high crime incidence area and that they always check the residences in this area. The house in question was the center one of three in a row. Officer Mason testified that particular house

"'... is commonly known as a commune-type crash pad. We have had runaway girls, narcotics crimes, and for a while an arson suspect lived in the house. It is a matter of course to observe any individuals that hang around the area.'
* * *

"2. After the motor had been started but before the van had moved, the officers approached the vehicle and asked all four occupants for identification including the defendant Devine, who was the

driver, and owner of the vehicle. Officer Mason testified that as he walked up to the car he detected the odor of burned marijuana. The officer was experienced in detecting the odor of marijuana. After receiving identification, he walked around the vehicle and shined his light into the interior of the truck. He testified that he observed a clear plastic bag with green vegetable material in it in the open glove compartment. Defendant Devine testified that the plastic bag was rolled, obscured by some ski gloves, and could not be readily seen. He testified also that the officer had to 'rummage' through the glove compartment to find it. The officer upon search later found the paper sack with marijuana, a roach holder, and a 'hooka' pipe.

"3. I find that the combination of circumstances present which include:

 a. a residential area with a high crime incidence;

 b. a house which was known to the police officers to have been occupied by people engaged in illegal narcotic activities, runaways, suspicion of arson;

 c. four men who hurriedly left the house and entered a van;

led the officers to conclude they should make a routine check of the occupants of the vehicle.

"4. I find that once the officers approached the vehicle, the smell of burned marijuana constituted probable cause to search the vehicle and the individuals occupying it in the belief that the search would result in evidence of a crime. *State v. Keith,* 90 Or Adv Sh 531 [2 Or App 133, 465 P2d 724] (1970). I likewise find that the officers had probable cause to make that search immediately without a warrant to avoid loss of evidence and to avoid escape of the defendants. The crucial question in the case is whether the facts which led the officers to approach the vehicle in the first instance justified

them in making what they described as a 'routine check.'

"* * * * *

"6. * * * I find that the combination of circumstances set forth in paragraph 3 above did create in alert officers a reasonable suspicion, admittedly of a quantum substantially less than probable cause, that the car or its occupants might be connected with criminal activity and thus warrant a 'routine check' of the vehicle to require that its occupants identify themselves. As outlined in paragraph 5 above, the smell of marijuana and the observation of the plastic bag then in turn constituted probable cause that a crime had been committed. I believe this conclusion is consistent with the Court's decision in *Cloman* [State v. Cloman, 254 Or 1, 456 P2d 67 (1969)] and that *Sibron v. New York,* 392 U.S. 40 (1967), can be distinguished on the facts. In *Sibron* the sole basis for the physical search was the fact that the defendant had been seen in company with known narcotics.

"For these reasons, the Motion to Suppress is denied.

"* * * * *."

Affirmed.