Submitted on briefs August 23, affirmed September 18, 1972

STATE OF OREGON, *Respondent, v.* THOMAS GERALD SMITH (No. C-71-10-3371-CR), *Appellant.*

500 P2d 1217

Nick I. Goyak, and O'Connell, Goyak & Haugh, Portland, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and John W. Burgess, Special Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was convicted of the crime of illegal possession of marihuana. He appeals assigning as sole error the denial of his motion to suppress.

Defendant had been stopped by a patrolling deputy sheriff at about 1:30 a.m. on October 28, 1971, in the outlying areas of northeast Portland while operating a motor vehicle. Defendant alighted as the officer approached the car. The officer asked him for his driver's license. The defendant, while in the process of removing it from his wallet, said "something about it being expired." It was a cold night and the officer suggested to him that he re-enter his car. Both while he was talking to the defendant beside the car and again as the defendant re-entered his car, the officer believed he detected an odor of marihuana. He looked into the auto and saw a stereo tape deck. He told the defendant he would like him to come back to the police car with him while he wrote him a citation for driving with an expired license. After the defendant got out, the officer also reached into the car and picked up the tape deck, saying he wanted to have a look at it. They returned to the police car. Inside that car the officer again noted a strong odor of marihuana emanating from the defendant. He took the serial number from the stereo tape deck and returned it to the defendant. By radio he reported the number and was advised the unit was a stolen one. Thereupon he told the defendant he was a suspect in receiving and concealing stolen property. He then read him

the *Miranda*[①] warning and also the waiver to the warning.

The officer then returned with the defendant to defendant's car in order to talk to the other occupant. As they reached the car the officer noticed that smoke was coming from the box in the back seat. As the defendant started to sit in the car the officer stopped him and reached into the back seat and opened the lid of the box. He observed marihuana in it. Thereupon he arrested the defendant on the present charge.

Shortly prior to stopping the defendant's car the officer had learned on the police radio that a "smash and grab" had been reported at a store within about a mile of where he first observed defendant's car, but no other details. This was a primary factor which caused him, when he observed the unusual manner in which the defendant was driving his car, to pull him over—in reality to check out the driver and the vehicle.

The defendant in his brief does not contend that the officer had no right to stop the defendant's car. We think it clear that an officer has a right to stop a vehicle which he reasonably believes, under the circumstances then and there existing, is being operated in a significantly unusual manner, whether or not he actually sees a violation of law take place. The fact that there may also be other factors present which contribute to or even primarily cause him to stop the car does not destroy that right.

In *State v. Cloman*, 254 Or 1, 8, 456 P2d 67 (1969), the court, using the language of *Wilson v. Porter*, 361 F2d 412 (9th Cir 1966), stated:

 " '* * * [D]ue regard for the practical necessi-

---

[①] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

ties of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' 361 F2d at 414-415."

*See also, State v. Miller,* 2 Or App 87, 92, 465 P2d 894 Sup Ct *review denied* (1970), *cert denied* 406 US 974 (1972); Tiffany, McIntyre and Rotenberg, Detection of Crime 21 (nighttime), 29-30, n 15 ("overly cautious driving"), and 36-43 (identifying the perpetrator of a known crime) (1967).

The officer here had served for some eight years as such, had had wide experience in traffic patrol and also had had special training in the identification and detection of dangerous drugs, including marihuana and the odor thereof.

In ruling upon the motion to suppress the marihuana the court pointed out that it was not, under the motion, called upon to rule, and did not rule, with respect to the officer's seizure of the stereo tape deck. Nor do we.

We agree with the trial judge that the officer, upon detecting the odor of marihuana at the time he was examining the defendant's driver's license outside his car and thereafter confirming this identification when the defendant was seated in the patrol car, had probable cause to believe that a crime was being committed in his presence. *State v. Cloman,* supra; *State v. Devine,* 9 Or App 424, 496 P2d 51, Sup Ct *review denied* (1972). Furthermore, upon the return to defendant's car, upon observing a cardboard box smoking

in the back seat, it was not unreasonable or unlawful for him to reach in and lift the box lid to determine the cause.

Affirmed.