Argued March 28, reversed and remanded April 25,
petition for rehearing denied May 17, petition
for review denied July 3, 1973

# STATE OF OREGON, *Appellant, v.* GARY LEE HEAD (No. C 72-08-2663 Cr), *Respondent.*

509 P2d 52

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*William C. Tharp,* certified law student, Willamette University, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Pursuant to ORS 138.060 (4), the state appeals from the granting of a motion to suppress evidence.

Defendant was indicted for criminal activity in drugs, ORS 167.207, under a two-count indictment charging possession of both heroin and marihuana. Prior to trial, defendant moved to suppress the drugs which were the subject of the indictment. The trial court granted the motion and suppressed all the drugs seized.

We reverse.

The seizure here at issue occurred during the evening of August 25, 1972. At about 10:30 that evening Portland police officer Guinn, and his partner, Officer Gary, were patrolling a residential area in a marked police car.

Officer Guinn, who had been assigned to patrol this area for about two years, testified that it was a high crime area and that he received about three or four burglary calls during each evening shift. However, this evening no burglaries had been reported for about an hour.

As they approached an intersection, Officer Guinn noticed a car with two occupants parked about one-half block away and facing away from the patrol car.

The parked car was across the street from an apartment house which Officer Guinn believed to be the location of illegal drug sales. A narcotics officer had notified Officer Guinn of illegal drug traffic originating in the apartment building, and had asked Officer Guinn to watch the building for suspicious activity.

The patrol car then turned onto the street driving toward the parked car. The parked car backed up and began to enter the traffic lane. However, as the patrol car approached, the occupants of the other car turned around, and, as Officer Guinn testified, they appeared to be "concentrating their attention" on the patrol car.

The parked car then pulled back into the curb very slowly. Officer Guinn believed this action was "suspicious" and he stopped behind the parked car.

Officer Guinn walked up to the parked car and asked the defendant, who was seated behind the steering wheel, for his driver's license and an explanation of his activities. The defendant said that he had been seeing a friend in the apartment house across the street, and that he was trying to arrange for repairs on his car. However, the defendant could not remember his friend's name.

Officer Guinn testified that during this exchange the defendant was waving a screwdriver around and appeared nervous. The defendant was shaking and his nose was running.

Although Officer Guinn asked the defendant to

put the screwdriver down, still the defendant continued to wave it in the air. At this point, Officer Guinn reached into the car and put the screwdriver on the floor. Officer Guinn testified that, from his experience, he felt the defendant was probably under the influence of a drug other than alcohol.

Officer Guinn then shined his flashlight into the car and saw a hat on the front seat. The defendant grabbed the hat, and, according to Officer Guinn, "* * * [h]e pulled it behind his right hip as if to conceal it from me."

Officer Guinn asked to see the hat, and the defendant said "sure." Defendant did not controvert this evidence of consent. The defendant appeared to be holding something through the material of the hat, and Officer Guinn took defendant by the wrist, turned the hat over, and saw a baggie of what he believed to be marihuana.

Officer Guinn seized the marihuana, and then noticed the other occupant of the car sticking credit cards underneath the seat cover. Officer Guinn's partner took defendant's passenger from the car, and defendant, on request, moved to the passenger side of the car.

As Officer Guinn retrieved the screwdriver from the floor of the car, the defendant fumbled with and crumpled a cigarette package, which he then threw out of the car. When Officer Guinn picked up the package, he found therein a balloon alleged to contain heroin.

The trial court suppressed both the marihuana and the balloon and its contents, finding that the initial stop of the defendant by Officer Guinn was not justified.

We cannot agree with this holding.

"We take it as settled that there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Busby v. United States, 296 F.2d 328 (9th Cir. 1961). A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." *Wilson v. Porter,* 361 F2d 412, 414-15 (9th Cir 1966), quoted in *State v. Cloman,* 254 Or 1, 7-8, 456 P2d 67 (1969).

*See also, Adams v. Williams,* 407 US 143, 92 S Ct 1921, 32 L Ed 2d 612 (1972); *Untermyer v. Hellbush,* 472 F2d 156 (9th Cir 1973).

██ Here the totality of circumstances, including the late hour, the location in a high crime area, proximity to the suspect apartment building, and the defendant's "suspicious" driving behavior, justified Officer Guinn's brief investigatory detaining of the defendant. Admittedly, some of these factors may lack a certain probative force. For example, defendant's presence across the street from the apartment building did not necessarily link him to the building. However, probable cause to arrest or search is not required. A "reasonable suspicion" of a connection with criminal

activity justifies the investigatory stop, and Officer Guinn had that reasonable suspicion. *State v. Cloman,* supra. *See also, State v. Devine,* 9 Or App 424, 496 P2d 51, Sup Ct *review denied* (1972); *State v. Sell,* 9 Or App 299, 496 P2d 44, Sup Ct *review denied* (1972); *State v. Huddleston,* 5 Or App 9, 480 P2d 454, Sup Ct *review denied* (1971); *State v. Miller,* 2 Or App 87, 465 P2d 894, Sup Ct *review denied* (1970), *cert denied* 406 US 974 (1972).

Although Officer Guinn did not observe any traffic violation, this is immaterial. "\* \* \* We think it clear that an officer has a right to stop a vehicle which he reasonably believes, under the circumstances then and there existing, is being operated in a significantly unusual manner, whether or not he actually sees a violation of law take place \* \* \*." *State v. Smith,* 10 Or App 557, 559, 500 P2d 1217 (1972).

In attacking the validity of the stop, defendant relies on a recent Pennsylvania case, *Commonwealth v. Swanger,* — Pa —, 300 A2d 66 (1973). However, that case is inapposite since there the police could not point to *any* specific facts justifying the stop. For this reason we need not consider the question decided in *Swanger.*[1]

■ The defendant also relies on *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). In *Ball v. Gladden,* supra, our Supreme Court clarified the scope of appellate review of such constitutional questions as the voluntariness of confessions and, by analogy, the existence of probable cause, or a reasonable suspicion justifying

---

[1] In State v. Cloman, 254 Or 1, 456 P2d 67 (1969), our Supreme Court expressly reserved ruling upon "the right to stop and examine the driver's operating license or the right to stop at a general roadblock." See 254 Or at 6, n 2.

an investigatory stop. The court noted that questions of historical fact are for the trier of fact, and are not to be upset on appeal unless unsupported by the evidence. However, the sufficiency of these facts when matched against constitutional standards is a question of law fully reviewable on appeal.

Here the defendant contends that the trial court found, as a matter of fact, that the police had no reasonable suspicion justifying an investigatory stop. The record does not support this contention. The facts were not in dispute. The trial court, somewhat reluctantly, reached the legal conclusion that the uncontradicted facts did not equal a reasonable suspicion justifying the stop.

As noted above, we disagree with this legal conclusion.

■ Since we hold that Officer Guinn's brief investigatory stop of the defendant was valid, we reverse the granting of the suppression motion. The seizure of the hat which contained marihuana followed the defendant's furtive gesture seeking to conceal the hat, and was pursuant to the defendant's consent. At that point, Officer Guinn undoubtedly had probable cause to arrest the defendant and to search him pursuant to that arrest. The defendant then voluntarily threw the cigarette package, containing the balloon of heroin, out of the car, and Officer Guinn properly seized it.

Reversed and remanded.