Argued June 19, affirmed July 16, 1973

STATE OF OREGON, *Respondent, v.* MARILYN
ELSIE BRODERICK (No. 14-926),
*Appellant.*
511 P2d 1281

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

AFFIRMED.

LANGTRY, J.

Plaintiff appeals from conviction of Class A misdemeanor, criminal drug promotion. ORS 167.222. She had originally been indicted in the same matter for felony criminal activity in drugs, ORS 167.207, which charge was dismissed and an information for the lesser offense substituted therefor.

█ She challenges the conviction, contending (1) that the affidavit supporting the search warrant for the premises where she lived which produced marihuana plants did not establish probable cause, (2) that there was insufficient evidence of her knowledge about the marihuana for conviction, and (3) that the part

of the sentence which involved restitution for fees of a court-appointed attorney was illegal. The latter claim of error is not based upon any objection or exception taken in the trial court and therefore does not merit our consideration. However, a similar contention was rejected by this court in *State v. Fuller,* 12 Or App —, 504 P2d 1393, Sup Ct *review denied* (1973).

■ ■ The affidavit which formed the basis for the search warrant was by a state police officer. In it he alleged that a reliable, confidential informant had told him (1) that two to three days previous to the date of the affidavit the informant was at the defendant's residence which she shared with another person as a cotenant and there saw marihuana plants growing outside and marihuana seeds in the germination stage inside the house, (2) that the other cotenant told him he was growing marihuana, (3) that one to two months previously at the same house he had smoked marihuana with the cotenants, and (4) that in order to determine reliability the police officer showed the informant a plant which he knew to be marihuana and the informant said that it looked "just like" the plants he had seen growing at the house in question.

This affidavit was made by the police officer after a discussion with a deputy district attorney in which he was advised to proceed. The record discloses that the magistrate who issued the warrant carefully considered the affidavit in the light of the most recent court decisions on the subject before he decided to issue the search warrant. Defendant relies most strongly upon *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *State v. Flores,* 251 Or 628, 447 P2d 387 (1968); and *Wright v. Cupp,* 3 Or App 586,

475 P2d 979 (1970). Subsequent to the decisions in these cases the United States Supreme Court decided *United States v. Harris,* 403 US 573, 91 S Ct 2075, 29 L Ed 2d 723 (1971). In that case the opinion of the court indicates that an affidavit such as that in question here is sufficient upon which to base the issuance of a search warrant. There are similarities in *Harris* and the case at bar. For instance, in both, the informant was reported in the affidavit to have made a statement against his penal interests. In *Harris* it was that the informant frequently had purchased illicit liquor from the suspect. In the case at bar the informant had smoked marihuana with the cotenants of the residence.

"* * * People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search * * *." 403 US at 583.

This was not by any means the only reason for the *Harris* decision, but it was important to it.

Additionally, in the case at bar the informant reported that he had seen the contraband only one or two days before and the police officer tested him to ascertain that he could recognize a marihuana plant. These considerations together with the other circumstances related in the affidavit appear to us to have been sufficient upon which to issue the search warrant.

■ ■   ■ Considering the decisions in *State v. Weller,* 263 Or 132, 501 P2d 794 (1972) and *State v. Oare,* 249 Or 597, 439 P2d 885 (1968), it is questionable whether the evidence and the stipulation upon which this case was tried could have supported a charge for

possession of marihuana (criminal activity in drugs, ORS 167.207). However, that charge was dismissed and the misdemeanor charge of criminal drug promotion was substituted therefor. This statute provides:

"(1) A person commits the crime of criminal drug promotion if he knowingly maintains, frequents, or remains at a place:

"(a) Resorted to by drug users for the purpose of unlawfully using narcotic or dangerous drugs; or

"(b) Which is used for the unlawful keeping or sale of narcotic or dangerous drugs." ORS 167.222 (1) (a) and (b).

A person cannot be guilty of this offense if the element of knowledge is not present. However, one marihuana plant was found growing in a place outside the house and another was beginning to grow in a cut-off half gallon milk container in the utility room of the house. The case was tried upon a written stipulation of facts, from which it appears that these "* * * items were not concealed and were visible to a person on the premises." The stipulation further states that "* * * for a continuous period of time both before and after * * *" June 2, 1972, which was the search date, defendant was a cotenant of the residence. The court considered the evidence and the stipulation and said that it "inferred" knowledge on the part of the defendant from the circumstances. We think that this inference made by the fact finder was based upon sufficient evidence.

Affirmed.