Argued November 19, affirmed December 17, 1973, petition for rehearing denied January 3, petition for review denied March 5, 1974

STATE OF OREGON, *Respondent, v.* MICHAEL GEORGE BRACCO (No. C 73-04-1070 Cr), *Appellant.*

517 P2d 335

*Howard R. Lonergan,* Portland, argued the cause and filed the briefs for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Upon trial to the court defendant was convicted of possession of dangerous drugs. ORS 167.207. On appeal he contends that his motion to suppress the evidence, the drugs seized from his attache' case, should have been granted.

A paid police informant came out of a motel room and advised a group of policemen with whom she had been working that there were drugs in the room and that if they wanted to get the drugs they had better hurry. The evidence clearly supports a finding that up until this event the police did not have probable cause to either arrest the defendant or search the motel room in question. The evidence is equally clear that the police had good reason to believe that if they had at that juncture taken the time to obtain a search warrant or an arrest warrant, or both, the defendant and the drugs would probably have been gone before the warrants could be served.

In response to the statement from the informant, several policemen followed the informant back into the motel room. Upon entering, the policemen saw the defendant standing in the middle of the room between twin beds. The attache' case was on one of the beds. One of the officers identified himself as a policeman, whereupon the defendant automatically put his hands to the wall. Another officer at about the same time opened the attache' case and found the drugs in question. Thereafter one of the officers formally placed the defendant under arrest.

The defendant contends that since he was arrested —or at least in a sense had arrested himself by placing his hands on the wall—there was no justification for the search and seizure which followed; that instead the

police should have placed a guard on the room, retreated to the nearest magistrate, obtained a search warrant and then, and only then, searched the attache' case.

Searches of this nature are commonly characterized as searches incident to arrest and described as "[t]he notable exception to the demand for a search warrant * * *." *State v. Chinn,* 231 Or 259, 266, 373 P2d 392 (1962). As we noted in *State v. Murphy,* 2 Or App 251, 255, 465 P2d 900, Sup Ct *review denied, cert denied* 400 US 944, 91 S Ct 246, 27 L Ed 2d 248 (1970), an arrest in its strict sense is the taking of a person into custody for the commission of an offense as the prelude to prosecuting him for it. Here at the time of the search of the attache' case, while it is true that the defendant was in custody in the sense, as one of the officers candidly admitted, that he was not free to go, he nevertheless had not been arrested in the strict sense. The situation here is analogous to the situation in *State v. Murphy,* supra, wherein we stated at pages 255-56:

> "In the usual situation, as in this case, the same evidence that constitutes probable cause to arrest constitutes probable cause to search the person arrested for evidence of the crime for which he is seized. Perhaps this is the reason that in many cases courts have upheld warrantless searches which came prior to arrest by characterizing the searches as 'incident to arrest.'
>
> > " 'Search before arrest is not uncommon in current practice. In some instances, the search precedes the formal announcement of arrest because it is necessary for the officer to act quickly for his own protection. In many instances, however, no formal announcement is made because the officer knows that the person will not actually

be taken to the station unless the search proves to be fruitful. That is, in those cases where the defendant might be arrested because of reasonable grounds to believe he presently possesses contraband, the common sense sequence—as far as the police are concerned—is search followed by arrest only if contraband is found, as opposed to arrest, search, and then release if nothing is found.

" 'In these and similar cases, the better view is that the search is not unlawful merely because it precedes the arrest. Such is the California position, which has been explained as follows:

" ' "Thus, if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it."[284]

" '* * * * * *

" '[284] People v. Simon, 45 Cal.2d 645, 648, 290 P.2d 531, 533 (1955).' * * * [LaFave, *Search and Seizure: "The Course of True Law ... Has Not ... Run Smooth,"* Ill L Forum, 255, 303 (1966)].' "

*See also,* concurring opinion of Mr. Justice O'Connell in *State v. Elk,* 249 Or 614, 439 P2d 1011 (1968).

The case at bar is distinguishable from *State v. Allen/Reed,* 12 Or App 633, 508 P2d 472 (1973). In that

case the police also entered a motel room looking for drugs. The defendants were asleep in their beds and marihuana was in plain view. The police seized the marihuana, formally placed defendants under arrest and removed them from the room. The police afterward returned to the room and searched it. We there held that the fruits of the subsequent search must be suppressed because the search was neither prior to the arrest nor incident to the arrest, i.e., sufficiently close to the arrest in time and space.

Additionally, as LaFave, supra at 303, cited with approval in *State v. Murphy*, supra, points out, an officer may "act quickly for his own protection." Here the defendant was not manacled or in the secure grip of any of the policemen. He was standing within lunging distance of the attache' case and the police had the right to examine it for their own protection.

Affirmed.