Argued August 20, affirmed November 18, 1974, petition for
review denied January 28, 1975

STATE OF OREGON, *Respondent, v.* ROBERT
JAMES DOWNES, II (No. 73-3391), *Appellant.*
528 P2d 110

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal from a judgment of conviction for criminal activity in drugs. The defendant assigns as error the denial of his motion to suppress marihuana found in his automobile as evidence. Particularly, the defendant asserts as error the refusal of the trial court to grant a hearing on the motion.

The proceeding below was held pursuant to Lane County Circuit Court Rule 7.015 which provides:

"(1) All motions to suppress evidence must be accompanied by an affidavit or affidavits on behalf of the defendant setting forth all facts within his knowledge upon which he intends to rely in support of the motion. The motion shall make specific reference to any constitutional provision, statute, rule, case or other authority upon which it is based and shall be accompanied by the moving party's brief which shall be adequate reasonably to apprise the court and the adverse party of the facts, arguments and authorities relied upon. Any opposition to a motion to suppress together with any opposing affidavits upon which it is based shall be in writing and shall be served and filed not more than seven (7) days after the motion to suppress has been filed. The opposition shall state the grounds thereof and, if the relief or order requested is not opposed, wholly or in part, a specific statement of the extent to which it is not opposed. Any opposition shall make specific reference to any affidavits relied on and shall be accompanied by an opposition brief adequate reasonably to apprise the court and moving parties of the arguments and authorities relied upon.

"(2) When averments in an affidavit are made upon information and belief, the affidavit shall indicate the basis thereof.

"(3) Unless otherwise ordered or permitted by the court, motions involving issues of fact shall

> be initially made and opposed upon affidavits. The
> court shall order an evidentiary hearing if neces-
> sary to resolve any conflicts on issues of fact pre-
> sented by the affidavits."

The local rule requires procedures similar to those
required by this court in *State v. Johnson/Imel,*
16 Or App 560, 519 P2d 1053 (1973), *rev den*
(1974), but requires in addition that the motion
grounds be supported by affidavit. In effect, the affi-
davit becomes the pleading. The procedure was upheld
in this court and impliedly authorized by the Supreme
Court in *State v. Miller,* 17 Or App 352, 521 P2d 1330,
*aff'd* 269 Or 328, 524 P2d 1399 (1974).

Defendant's motion to suppress expressed the
grounds that the search was not pursuant to a war-
rant, to consent, or to any exception to the warrant
requirement. Defendant's affidavit supports the
grounds of the motion only in part. It alleges that "I
was arrested by officers of the Springfield Police
Department for driving while suspended," and goes on
to allege that the police thereafter searched his auto-
mobile without consent. It does not negate the exis-
tence of probable cause. Nor does it assert illegality
of the arrest.

■■ Assuming *arguendo* that the reference to the
arrest is sufficiently specific as to allege by implication
the absence of a warrant, *but see State v. Johnson/
Imel,* supra at 567-70,[①] then the allegation of a war-

---

[①] *Cohen v. United States,* 378 F2d 751, 761 (9 Cir), *cert den* 389 US 897 (1967):

> "* * * The question is whether the allegations in the
> moving papers, including affidavits if any are filed, are suf-
> ficiently definite, specific, detailed, and nonconjectural, to
> enable the court to conclude that a substantial claim is
> presented. * * *"

*See also United States v. Davis,* 330 F Supp 899, 903 (ND Ga
1971).

rantless search casts the burden of justification upon the state. As the Supreme Court held in *State v. Miller,* supra:

> "It follows that a motion to suppress evidence seized during a search without a warrant, supported by an affidavit stating that the search and seizure was made without a warrant, is sufficient to place that burden [of justifying the search] upon the state. It also follows that in such a case the state * * * must * * * proceed to satisfy its burden either at a hearing on the motion or, at the least, by an affidavit stating facts sufficient, if true, to establish the legality of the search." (footnote omitted.)

■ The affidavit filed by the state relates on information and belief that the arresting officer was dispatched to investigate a speeding vehicle complaint. It goes on to allege:

> "He contacted Robert J. Downes, II, defendant, who was then seated in the passenger seat of the above-described vehicle and asked him for a driver's license and a vehicle registration. The defendant stated he had none. Officer Halford had observed the defendant move from the driver's seat to the passenger seat of the above-described vehicle immediately prior to his contact with the defendant.

> "As Officer Halford was talking with the defendant, he smelled the strong odor of marihuana about his person and when Officer Halford turned to the vehicle, he again smelled the strong odor of marihuana coming from within the vehicle.

> "Based on the smell of marihuana about Mr. Downes' person and the odor of marihuana coming from the vehicle, he then searched the vehicle for narcotics and removed various items, including a Savage brand 20 gauge/.22 caliber over and under rifle which was removed from between the bucket seats of the front seat of the vehicle where it

had been placed on the floor partly covered with a coat. He also seized a deerhorn hashpipe which was also found under the coat between the two front seats, the pipe was still hot and it appeared to have just been used to smoke marihuana. The officer seized in addition, a .22 caliber round and one 20 gauge shotgun shell which were removed from the above-described over and under shotgun rifle. Four bags of marihuana were seized from the front passenger side floorboard of the vehicle. I know that Officer Halford is familiar with the appearance of marihuana and is able to recognize it in its various forms."

The state's affidavit is sufficient to make out probable cause, *State v. Smith*, 10 Or App 557, 500 P2d 1217 (1972); *State v. Devine*, 9 Or App 424, 496 P2d 51, *rev den* (1972).

Based upon those affidavits, the trial court denied defendant's motion to suppress evidence without a hearing. Defendant did not file or seek to file a counter-affidavit denying or explaining any of the facts as set forth in the affidavit filed by the state. Instead, the defendant filed a motion to reconsider the denial, asserting an absolute right to confrontation of the witness, particularly by way of cross-examination.

■ The purpose of a hearing on a motion to suppress is to resolve disputed issues of fact. The purpose of the *Johnson/Imel* requirements and of the Lane County Circuit Court rule is in part to define the facts and to narrow the factual disputes. 16 Or App at 567-72. If disputes exist, then a hearing should be held to resolve them. If the facts are not disputed, no hearing is required. There is no valid purpose served in calling, questioning and cross-examining witnesses unless the facts to be proved by those witnesses are in dispute.

■ Here there is no inconsistency in the affidavits which gives rise to a dispute of fact. Nor is there an answering affidavit disputing any facts set forth in the state's affidavit. Nor does the defendant desire a hearing in order to define such a dispute. Therefore, there being no dispute to be resolved by a hearing, the trial court properly disposed of the motion on the affidavits of the parties.[2]

■ Furthermore, on the question of prejudice, a remand would be a frivolous gesture because the proof at trial clearly showed the existence of probable cause as alleged in the state's affidavit. In such circumstances, there is no need to remand for the formality of a duplicative hearing. *United States v. Culotta,* 413 F2d 1343, 1345-1346 (2 Cir 1969), *cert den* 396 US 1019 (1970).

Affirmed.

---

[2] Since the state's counter-affidavit justifying a warrantless search is analogous to a post-facto affidavit for search warrant, i.e., for judicial authorization of the search, it is interesting to note that under the new procedure set out in ORS 133.693(2) a counter-affidavit is a prerequisite to a hearing attacking the affidavit for a search warrant. ORS 133.693 was not yet effective at the time of the decision of this case.