Argued November 18, affirmed December 16, 1974

## STATE OF OREGON, *Appellant, v.* GERALD ALDO CAPRONI (No. 74-2374), *Respondent.*

529 P2d 974

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the

brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The state appeals under ORS 138.060 (3) from a trial court order suppressing evidence seized in a warrantless search of an automobile.

The evidence was that a policeman received an anonymous tip that two particularly described persons in a light green, 1969 Ford van would park at a particularly described location in downtown Eugene three hours later and that they would be selling baggies of marihuana from the van. The described van was observed to arrive on schedule and the two male occupants matched the description given. An officer stopped the vehicle and the driver was removed. The driver was advised "that we had information about narcotics in his van. He became very nervous and started shaking." The officer then proceeded to make the warrantless search of the vehicle, which produced narcotics.

The state contends that the nervousness of the driver when accused of having narcotics in his van coupled with the tip gave the police probable cause to search the van, and the police's lack of knowledge of ownership of and the mobility of the van constituted exigent circumstances allowing a warrantless search.

In a warrantless search the burden is upon the state to prove by a preponderance of the evidence the validity of the search. ORS 133.693 (4).

In the present case, the state produced no evi-

dence at the suppression hearing. It relied on defendant's attorney's affidavit which contained a recital of the officer's report of the stopping of the vehicle, removal of the driver, his nervousness and the search. There was no evidence as to the reliability of the anonymous informant.

In *State v. Cloman,* 254 Or 1, 456 P2d 67 (1969), our Supreme Court held that:

"* * * [T]he police can stop a car to determine the identity of the vehicle and its occupants if they have a reasonable suspicion that the car or its occupants have a connection with criminal activity. This 'reasonable suspicion' we deem to be of less quantum than probable cause to arrest. * * *" (Footnote omitted.) 254 Or at 6.

In *Cloman,* "reasonable suspicion" was found to exist where the detaining officers knew from a police radio broadcast that at 4 a.m. "some men who had reputations as copper wire thieves" were in a described Cadillac automobile which had within the hour been on the premises where copper wire, apparently stolen, was being unloaded from a truck. At 5 a.m. the police observed a similarly described Cadillac about a mile from where the wire was found. 254 Or at 9.

In *State v. Smith,* 10 Or App 557, 500 P2d 1217 (1972), the factor of the "unusual manner in which the defendant was driving his car," added to the knowledge by the policeman of a " 'smash and grab' " crime committed within a mile, contributed to the officer's "reasonable suspicion" for stopping defendant's automobile.

In *State v. Head,* 13 Or App 317, 509 P2d 52, Sup Ct *review denied* (1973), the totality of the cir-

cumstances, which included the late hour, location in a high crime area and the unusual manner of operating his automobile, gave rise to a reasonable suspicion which justified the stopping of defendant's automobile.

In the present case not enough of the factors considered necessary to create "reasonable suspicion" were present. The vehicle was stopped solely on the basis of an anonymous tip, which lacked any basis of reliability except that it accurately described the vehicle, its time of arrival and some of the occupants.[1]

■ Defendant contends that the police had insufficient reason to stop the vehicle at all. Even assuming that the informant's tip in this case would permit an investigatory stop, which may be open to question in view of *State v. Cloman, State v. Head,* and *State v. Smith,* all supra, the officers did not have probable cause to search. The information furnished by the anonymous informant, absent evidence of the reliability of the informant, would have been an insufficient basis for the obtaining of a search warrant. *State v. Leo,* 4 Or App 543, 480 P2d 456 (1971). The only additional factor was the nervousness of the driver after having been stopped and "removed from the vehicle and advised that we had information about narcotics in his van. * * *" Any private citizen being stopped by the police and "removed from" his vehicle, innocent of any wrongdoing or not, would under such circumstances likely become extremely

---

[1] This is unlike State v. Marsden/Moore/Cassidy, 19 Or App 742, 528 P2d 1066 (1974), where the police partially corroborated the reliability of the anonymous informant by checking out and learning that the home the suspects were visiting was that of a person who had previously been convicted of criminal activity in drugs and was presently on probation for that offense.

nervous. We do not believe this circumstance, added to the anonymous tip, created " 'reasonable ground[s] for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief' " that narcotics were being possessed illegally. *State v. Keith,* 2 Or App 133, 142, 465 P2d 724, Sup Ct *review denied* (1970). The state failed to sustain its burden of proving probable cause to search. Lacking probable cause, whether or not there were exigent circumstances is immaterial.

As we said in *State v. Evans,* 16 Or App 189, 198, 517 P2d 1225, Sup Ct *review denied* (1974):

"* * * We are dealing rather with a question of admissibility of evidence and where, as here, the police activity crosses the often indistinct line of constitutional permissibility, then the fruits of the incursion must be suppressed."

Affirmed.

SCHWAB, C. J., specially concurring.

I concur with the majority opinion to the extent that it holds that the police officer did not have probable cause to search. I do not concur with the apparent conclusion that the officer did not have the right to make an investigatory stop. On the contrary, I believe that the observations of the officer, when coupled with the information he had received by way of an anonymous tip, were sufficient to justify the investigatory stop.