Argued April 25, affirmed May 19, reconsideration denied
July 2, petition for review denied August 6, 1975

STATE OF OREGON, *Respondent, v.* DARRELL
DEAN CHRISTENSON (No. 85423), *Appellant.*
535 P2d 558

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

FORT, J.

Defendant was convicted by a jury of criminal activity in drugs, ORS 167.207. He appeals, assigning as error the denial of his motion to suppress evidence and also of a motion for continuance made during the course of that hearing.

The evidence adduced at the motion to suppress hearing, including two counteraffidavits filed by police in contradiction and explanation of the affidavits filed by defendant and his wife in support of the motion to suppress (*see: State v. Miller,* 269 Or 328, 524 P2d 1399 (1974); *State v. Downes,* 19 Or App 401, 528 P2d 110 (1974), Sup Ct *review denied* (1975)), was sufficient to establish that the police met a police informant in a parking lot near defendant's home about 8:30 p.m. Money was furnished the informant to purchase marihuana and she was instructed to go to de-

fendant's home to see if he was at that time in possession of narcotics. The informant did so, purchased three lids of marihuana, and in a short time returned to the parking lot and told the police narcotics were now on the premises in plain view. At the time of the purchase both defendant and his wife were present. A group of four officers from the narcotics interagency detail was almost immediately assembled. Defendant was a convicted felon, reasonably believed by the officers to be in possession of a .44 magnum revolver, and had been under investigation for narcotics violations for a substantial period of time. A week earlier the same informant had purchased from the defendant at his home with funds furnished by the police amphetamines which she had delivered to the police within minutes after leaving the home, thus furnishing a basis for their belief in her reliability.

The evidence showed that the police went to defendant's home. The door was wide open on that June evening, and defendant's wife, upon observing the officers, came toward the door. She herself so testified at the motion to suppress hearing. She also testified that she was present with her husband and the informant at the time the informant was on the premises a few minutes before. She was immediately placed under arrest and the officers entered the premises through the open door to effectuate it. Defendant was asleep on the couch beside a coffee table. Upon a shelf of the coffee table in plain view was a plastic sack of marihuana within immediate reach of defendant. He was arrested. The home was secured and two officers remained there. The marihuana on the coffee table was not seized. Defendant and his wife were transported to the jail. The two other officers then went to the district attorney's office where by midnight affidavits necessary to secure a search warrant were prepared and sworn to. These were promptly submitted to a magistrate, who thereupon issued a war-

rant to search defendant's premises. Shortly after midnight those officers returned with the warrant and proceeded to search the premises in accordance therewith. Substantial additional narcotics were seized.

■ The trial court concluded that the affidavit in support of the warrant was sufficient on its face and that the search warrant was lawfully issued, and denied the motion to suppress. Defendant does not here seriously challenge the validity of the affidavit on its face, but contends that the entry of the officers into his home without a warrant, as a result of which they observed the marihuana in plain view, was unlawful. He relies on the "Fruit of the Poisonous Tree" doctrine, *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963); Annotation, 43 ALR3d 385 (1972).

We think the entry by the officers to arrest defendant's wife, who was in view from the wide open door a few feet down the hall, was valid. *State v. Valentine/Darroch,* 264 Or 54, 504 P2d 84 (1972), *cert denied* 412 US 948 (1973). Defendant does not contend that the police lacked probable cause to arrest his wife. Additionally, the existence of exigent circumstances for the entry and arrest could clearly be inferred. *State v. Bracco,* 15 Or App 672, 517 P2d 335 (1973), Sup Ct *review denied* (1974).

The motion to suppress the evidence was correctly denied.

During the motion to suppress hearing defendant sought and obtained a bench warrant for a witness previously subpoenaed by him who failed to appear. The court was not advised until about 2:30 in the afternoon that the witness had not appeared, although the hearing had been convened at 9:30 a.m. The court did allow a two-hour continuance for service of the warrant but defendant was unable to ef-

fect service of the warrant within that period. The case was set for trial on the merits the following morning. At 4:45, upon being advised that the warrant had not been executed, the court denied the request for a further continuance, and, as stated, denied the motion to suppress. Defendant assigns this as error.

■■ The granting or denial of a motion for a continuance is discretionary. *State v. Longoria,* 17 Or App 1, 520 P2d 912, Sup Ct *review denied* (1974). In its ruling in the case at bar the court stated:

"* * * The Court has not been given the opportunity to assist the defendant in ensuring that this witness would be present. As I indicated earlier in the day when I granted the continuance till 4:30, this case was scheduled for 9:30 this morning, and the Court was not made aware until midafternoon that the witness was not present. I have had no evidence presented to this Court that that witness, if called to testify, would in fact contravene the allegations in the affidavit * * * nor that that witness would establish from her testimony * * * that the police were not entitled to rely upon her as being a reliable informant. * * *"

In *Longoria,* we said:

"The motion before the presiding judge was oral and conclusory. ORS 136.070 requires that a motion for continuance by the defendant be accompanied by an affidavit showing 'sufficient cause' which shall be 'first filed with the clerk.' Since the ruling upon a motion for continuance is discretionary, there is nothing for an appellate court to review in the absence of such a showing. [Citations omitted.] * * *" (Footnote omitted.) 17 Or App at 5.

Here no written motion or affidavit in support thereof was filed.

We are satisfied the trial court exercised its dis-

cretion properly. Furthermore, we note the witness did appear and testify at the trial the next day as a defense witness. Her testimony not only did not contradict the affidavits referred to by the court in its remarks, supra, but also essentially corroborated them. *State v. Downes,* supra, 19 Or App at 407.

Affirmed.