**Michael George BRACCO, Petitioner-Appellee,**

v.

**Amos E. REED, Administrator, Oregon Corrections Division, Respondent-Appellant.**

No. 75–2585.

United States Court of Appeals, Ninth Circuit.

Aug. 20, 1976.

---

John W. Burgess, Asst. Atty. Gen. (argued), Salem, Or., for respondent-appellant.

## OPINION

Before DUNIWAY and WALLACE, Circuit Judges, and SWEIGERT,* District Judge.

DUNIWAY, Circuit Judge:

Bracco was indicted by the Grand Jury in the Circuit Court of Multnomah County, Oregon, which charged him with possession of amphetamines in violation of O.R.S. § 167.207. Before trial he made a timely motion to suppress the evidence seized from a suitcase that was in the hotel room in which he was arrested. After a lengthy hearing, the court denied the motion to suppress. Bracco was convicted and appealed, arguing that the motion to suppress should have been granted. The Oregon Court of Appeals affirmed his conviction, *State v. Bracco*, 1973, 15 Or.App. 672, 517 P.2d 335, and the Oregon Supreme Court denied a hearing. Further state remedies were unavailable, *see* O.R.S. § 138.550(2), and Bracco petitioned the United States District Court for a writ of habeas corpus.

That court granted the writ, holding that the seizure violated the Fourth Amendment.

In *Stone v. Powell*, 1976, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d —— (1976), the Supreme Court held that:

[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* at 96 S.Ct. at 3052 (slip op. at 27) (footnotes omitted).

If *Stone v. Powell* is applicable to this case, then we must reverse.

The question of retroactivity of a decision narrowing the rights of criminal defendants has not previously arisen. However, we perceive no reason why retroactivity criteria developed in cases in which the exclusionary rule was broadened should not be applied here as well. "The first step in deciding whether a case is to have retroactive effect is to apply a threshold test to determine whether the decision establishes a new rule. . . . If it does not, no such testing is necessary as, by definition, without a new rule, there is no change in the law and the question of retroactivity is immaterial." *United States v. Bowen*, 9 Cir., *in banc*, 1974, 500 F.2d 960, 975, *affirmed*, 1975, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641. The holding of *Stone v. Powell* enunciates no new formulation of the exclusionary rule. It simply holds that the purposes of that rule are not served by allowing one who has fully and fairly litigated a Fourth Amendment claim in a state court to reargue the question in a federal *habeas corpus* action. No police conduct heretofore unlawful has been legitimated.

No claim is made here that Bracco did not have a full and fair hearing in the Oregon court. The argument that a petitioner may have relied upon *Kaufman v. United States*, 1969, 394 U.S. 217, 89 S.Ct.

* The Honorable William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

1068, 22 L.Ed.2d 227 by failing to file a petition for certiorari with the United States Supreme Court was considered in *Stone* and deemed insufficient to justify only prospective application of its holding. *Id.* at 96 S.Ct. at 3052, n. 38. The possibility that Bracco might have dealt with the amphetamines differently had he known that he could not raise a Fourth Amendment claim in a federal forum is, at best, negligible.

The order appealed from is reversed and the case is remanded to the district court with instructions to enter a judgment dismissing the petition.