PER CURIAM.
The defendant, having been convicted of criminal activity in drugs by possessing more than one ounce of marihuana, ORS 167.207, appeals, contending that her motion to suppress the physical evidence should have been allowed on the grounds that the affidavit for the search warrant which led to the seizure of the marihuana in question did not contain sufficient information to establish the reliability of an unnamed informant. The state relies upon State v. Broderick, 14 Or App 69, 511 P2d 1281 (1973), in which we held, relying on United States v. Harris, 403 US 573, 91 S Ct 2075, 29 L Ed 2d 723 (1971), that admissions against penal interest made by an unnamed informant were sufficient to establish reliability. Here, unlike in Broderick, the most that can be said for the statements attributed to the informant is that by indulging in considerable speculation it is possible to construe his statements as conceivably including admissions against interest. This is not enough.
Reversed and remanded for new trial.